UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

Case No. 2:04CV73812

Hon. Nancy G. Edmunds

LABORER'S INTERNATIONAL UNION
OF NORTH AMERICA, LOCAL 465,

    Defendant.

_____/

ADELE RAPPORT (P44833)
ROBERT K. DAWKINS (P38289)
OMAR WEAVER (P58861)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Attorneys for Plaintiff
477 Michigan Ave., Room 865
Detroit, MI. 48226
(313) 226-3407

CHRISTOPHER P. LEGGHIO (P27378)
MARTENS ICE KLASS LEGGHIO
& ISRAEL, P.C.
Attorneys for Defendant
306 South Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between Plaintiff, the United States Equal Employment Opportunity Commission ("the Commission") and Defendant, Laborer's International Union of North America Local 465 ("Local 465).

1. The Commission commenced the above entitled action in the United States District Court for the Eastern District of Michigan, Souther Division, on September 29, 2004, alleging that Local 465 engaged in discriminatory employment practices in violation of the Americans with Disabilities Act ("ADA") by refusing to place Charging Party Harold McKart ("McKart") and other similarly situated individuals on its out-of-work referral list without first submitting to pre-employment medical inquiries on the basis of their disability.

2. Local 465 denies all allegations in the Complaint, including any allegation that it discriminated against McKart and others.

3. As a result of settlement discussions, the Commission and Local 465 have resolved their differences and have agreed that this action should be settled by entry of this Agreement. It is the intent of the parties that this Agreement be a final and binding settlement in full disposition of any and all claims alleged against Local 465 or which might have been alleged against Local 465 in the Complaint filed on behalf of Charging Party Harold McKart.

## STIPULATED FACTS

4. The Commission is a United States government agency authorized by the ADA to investigate allegations of unlawful employment discrimination based on disability, to bring civil actions to prohibit unlawful practices, and to seek relief for individuals

1

affected by such practices.

## NON-ADMISSION

5. This Agreement shall not constitute an adjudication or finding on the merits of the case and is not, and shall not be construed as, an admission by Local 465 of any violation of the ADA.

## NON-DISCRIMINATION

6. Local 465, its officers, agents, employees, successors, assigns and all persons in active concert or participation with them or any of them shall comply with the provisions of the ADA with regard to disability discrimination.

7. Local 465 shall fully comply with the inquiry provisions of the ADA, 42 U.S.C. § 12112(d). Local 465 shall not require its members to submit to physical examinations or provide medical records prior to placing them on the out-of-work list or at any other time prior to the receipt of a job offer.

8. Local 465 shall place Harald McKart, and other similarly situated individuals previously identified as disabled from laborer's work, and who applied for and collected disability pension benefits and/or social security disability benefits, on the Local 465 out-of-work list. Local 465 shall refer McKart and these similarly situated individuals to available laborer's jobs only upon their submission of medical certification that they are now able to return to work as a laborer. The medical certification shall be limited to a concise physician's statement that the individual can perform the essential duties of laborer's work.

9. Should any other individuals declare themselves as disabled from laborer's work and

apply for or collect disability pension benefits and/or social security disability benefits and subsequently seek to return to work as a laborer, Local 465 shall refer this individual(s) to an available laborer's job only upon submission of medical certification that the individual can return to work as a laborer. The medical certification shall be limited to a concise physician's statement that the individual is able to perform the essential duties of laborer's work.

## MONETARY COMPENSATION

10. The parties agree that neither McKart nor any other similarly situated individual will receive any monetary damages from Local 465.

## TRAINING

11. Local 465 agrees to provide ADA training, which will include disability awareness and sensitivity training, to its managers and representatives. Local 465 will use material provided or recommended by the Commission to conduct this training. The training shall focus on the ADA's prohibition against pre-employment medical inquiries and examinations. The training shall be completed within three (3) months after the execution of this Agreement. Upon completion of the training, Local 465 shall certify to the Commission, in writing, the specific training which was undertaken, the date(s) of the training, and shall provide the Commission with a roster of all employees who attended such training.

## POSTING OF NOTICE

12. Local 465 will post a generic notice that informs employees of their ADA rights. This notice will be posted for three (3) years from the date of this Agreement. Should the

posted notice become defaced, marred or otherwise made unreadable, Local 465 agrees to post a readable copy of the notice as soon as practical thereafter.

### MISCELLANEOUS

13. This case shall be dismissed with prejudice.

14. All parties shall bear their own costs and expenses of litigation, including attorney fees.

15. The terms of this Agreement are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of Local 465 and the Commission.

16. The Commission reserves all rights to proceed with respect to matters like and related to these matters but not covered by the terms of this Agreement and to secure relief on behalf of aggrieved persons not covered by the terms of this Agreement.

17. This Agreement constitutes the entire agreement and commitments of the parties. Any change to this Agreement must be mutually agreed upon and memorialized in a writing signed by Local 465 and the Commission.

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | LABORER'S INTERNATIONAL UNION OF NORTH AMERICA LOCAL 465 |
|---|---|
| JAMES L. LEE<br>Deputy General Counsel | By: MARTENS ICE KLASS LEGGHIO & ISRAEL, P.C. |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | *C. Legghio* (w/consent)<br>CHRISTOPHER P. LEGGHIO (P27378)<br>306 South Washington, Suite 600<br>Royal Oak, MI 48067 |
| *Omar Weaver / for*<br>LAURIE A. YOUNG<br>Regional Attorney | |

4

ROBERT K. DAWKINS (P38289)
Supervisory Trial Attorney

Dated: 5/23/06

OMAR WEAVER (P58861)
Trial attorney

Detroit Field Office
477 Michigan Ave., Room 865
Detroit, MI 48226

Dated: 5/23/06

5